UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE SHADUR**

**MAGISTRATE JUDGE COLE**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>CALVIN LOCKHART, also known as )<br>"Calvin Glass," )<br>"Calvon Glass," "Tony Class," )<br>"Anthony Stewart," and "Calvon Alexander" )<br>)<br>) | No. **08CR 0109**<br><br>Violations: Title 18, United States Code, Sections 1341, 1343 and 2 |

**FILED**

FEB 05 2008

FEB - 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>COUNT ONE</u>

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.  At times material to this indictment:

    a.  Defendant CALVIN LOCKHART purportedly operated and caused others to establish the following purported business entities: Austin Community Resource Center, Tucker Enterprises (also known as Individual A), RJC Management, RJC Towing & Recovery, Linda's 70's Soul Food Restaurant, CG Productions, Diversified Investment LLC, Structured Solutions, Lyrical Entrepenours Productions, C&D Investment, Women Empowered By Growth & Development, Nubian 5 Productions, and Youth Against Gang Activity. Hereinafter, the companies listed in this paragraph are referred to as the "LOCKHART-controlled companies."

    b.  The Internal Revenue Service ("IRS") issued Employer Identification Numbers ("EINs"), upon application, to identify business entities for federal tax purposes.

    c.  LOCKHART applied and caused others to apply to the IRS for EINs for the

LOCKHART-controlled companies.

d.  Paychex, Inc. ("Paychex"), Intuit, Automatic Data Processing, Inc. ("ADP"), Payroll Service Plus ("PSP"), and Staff Management, Inc. (Staff Management), (collectively, the "Payroll Service Companies") offered services to contracting employers by which the Payroll Service Companies issued, from their own bank accounts, paychecks to the employer's employees. The Payroll Service Companies then debited the bank account provided by the employer, for reimbursement for the funds paid by the Payroll Service Companies. The Payroll Service Companies required the employers to provide the EIN issued by the IRS for that employer.

e.  LOCKHART applied and caused others to apply to the Payroll Service Companies to issue paychecks to employees of the LOCKHART-controlled companies. In applying to the Payroll Service Companies, LOCKHART provided and caused others to provide the EINs of the LOCKHART-controlled companies to the Payroll Service Companies.

f.  The following were banks, the deposits of which were insured by the Federal Deposit Insurance Corporation, and who provided banking services to individuals and business entities: Bank One, Austin Bank of Chicago, Charter One Bank, MB Financial Bank, TCF Bank, Washington Mutual, Fifth Third Bank, Associated Bank, LaSalle Bank, National City Bank, JPMorgan Chase Bank, AMCORE Bank, Northwest Bank, and Blackhawk State Bank (collectively, the "Banks").

g.  LOCKHART opened and caused others to open bank accounts at the Banks on behalf of the LOCKHART-controlled companies. In opening these accounts, LOCKHART provided and caused others to provide the EINs of the LOCKHART-controlled companies to the Banks.

h.  LOCKHART entered into lease agreements with the following individuals and property management service companies on behalf of the LOCKHART-controlled companies:

2

Individuals B and C, Millenium Park Plaza LLC, and Individual D (collectively, the "Landlords").

2. Beginning in or about December 2003, and continuing until in or about June 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

CALVIN LOCKHART,

defendant herein, devised, intended to devise, and participated in a scheme to defraud the Banks, the Payroll Service Companies, and the Landlords, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant CALVIN LOCKHART, using false pretenses and representations, recruited and hired individuals to assist him in creating the LOCKHART-controlled companies. He directed these individuals to assist him by, among other things, obtaining EINs, opening bank accounts, and contracting for payroll services.

4. It was further part of the scheme that defendant paid his employees either with payroll checks he obtained fraudulently from the Payroll Service Companies or with checks drawn from closed accounts or accounts with insufficient funds.

5. It was further part of the scheme that defendant used the following aliases in communicating with his employees, the Payroll Service Companies, and the Landlords: Calvin Glass, Calvon Glass, Tony Class, Anthony Stewart, and Calvon Alexander.

**Bank Accounts**

6. It was further part of the scheme that defendant, through false pretenses and representations, directed his employees to open checking accounts at the Banks on behalf of the LOCKHART-controlled companies. Hereinafter, these checking accounts are referred to as the

"LOCKHART-controlled checking accounts." Defendant used the LOCKHART-controlled checking accounts, which he knew either to have insufficient funds or to be closed at the time, to negotiate, and to attempt to negotiate, worthless checks totaling more than $2,000,000, on behalf of himself and the LOCKHART-controlled companies.

**Payroll Service Companies**

7. It was further part of the scheme that defendant hired, and caused others to hire, Payroll Service Companies to process payroll checks for the LOCKHART-controlled companies.

8. It was further part of the scheme that defendant requested and caused others to request that the Payroll Service Companies issue payroll checks, totaling more than $500,000, from their own accounts by fraudulently providing and causing others to provide them with account information about LOCKHART-controlled checking accounts for debit purposes. Defendant well knew, however, that there were insufficient funds in those accounts to cover the payroll checks. In so doing, defendant caused a loss to the Payroll Service Companies of over approximately $150,000.

**Property**

9. It was further part of the scheme that defendant induced the Landlords to lease and give him possession of business space by fraudulently providing them with checks drawn on LOCKHART-controlled checking accounts. Defendant well knew, however, that the LOCKHART-controlled checking accounts did not have sufficient funds to cover his checks or that the accounts were closed as of the dates of the checks. Defendant caused a total loss to the Landlords of over approximately $60,000.

10. It was further part of the scheme that defendant did misrepresent, conceal, and hide, and caused to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the

purpose of those acts.

11. On or about January 30, 2004, at Olympia Fields, in the Northern District of Illinois, Eastern Division, and elsewhere,

**CALVIN LOCKHART,**

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, an Employer Identification Number for Austin Communication Resource Center from the Internal Revenue Service in Cincinnati, Ohio, to:

>    Austin Community Resource Center
>    Individual E
>    1405 Graymoor LN #100
>    Olympia Fields, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about December 22, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, an Employer Identification Number for Individual A from the Internal Revenue Service in Cincinnati, Ohio, to:

> Individual A
> 3311 W Evergreen St
> Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about February 24, 2005, at Bellwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

## CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, an Employer Identification Number for RJC Management from the Internal Revenue Service in Philadelphia, Pennsylvania, to:

> Individual F
> RJC Management
> 3701 Butterfield Road
> Bellwood, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about February 7, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, an Employer Identification Number for CG Productions from the Internal Revenue Service in Philadelphia, Pennsylvania, to:

> Individual G
> CG Productions
> 500 S Clinton St Unit 701
> Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FIVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about May 31, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be transmitted by means of wire communication in interstate commerce between Illinois and New York, certain sounds and signals, namely a facsimile transmission from 631-447-8960, the Brookhaven Internal Revenue Service Campus in Brookhaven, New York, to 312-258-8810, Individual H, Diversified Investment LLC, in Chicago Illinois, for the purpose of transmitting an Employer Identification Number for Diversified Investment LLC;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about August 29, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be transmitted by means of wire communication in interstate commerce between Illinois and New York, certain sounds and signals, namely a facsimile transmission from 801-620-5690, the Internal Revenue Service in Ogden, Utah, to Individual I, Lyrical Entrepenours Productions, in Chicago Illinois, for the purpose of transmitting an Employer Identification Number for Lyrical Entrepenours Productions;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about August 30, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be transmitted by means of wire communication in interstate commerce between Illinois and New York, certain sounds and signals, namely a facsimile transmission from 888-404-5322, ADP's corporate headquarters in Rochester, New York, to 847-718-6355, ADP's satellite office in Chicago, Illinois, for the purpose of transmitting payroll information to process payroll checks for Lyrical Entrepenours Productions;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about December 20, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, an Employer Identification Number for C&D Investment from the Internal Revenue Service in Ogden, Utah, to:

> Individual J
> C&D Investment
> 560 W Van Buren St
> Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT NINE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about January 25, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be transmitted by means of wire communication in interstate commerce between New York and Illinois, certain sounds and signals, namely a facsimile transmission from 631-447-8960, the Brookhaven Internal Revenue Service Campus in Brookhaven, New York, to 312-464-9140, Individual K, Women Empowered By Growth & Development, in Chicago Illinois, for the purpose of transmitting an Employer Identification Number for Women Empowered By Growth & Development;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about January 29, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**CALVIN LOCKHART,**

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, a debit card for the AMCORE checking account in the name of Individual K from AMCORE Bank to:

Individual K
2100 E 93rd St
Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT ELEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about May 17, 2007, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

## CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, blank check stock for the Northwest Bank checking account in the name of DBA Nubian 5 Productions, to:

    DBA Nubian 5 Productions
    195 Buckley Drive Suite 2
    Rockford, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWELVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One are realleged and incorporated as though fully set forth here.

2. On or about June 6, 2007, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

### CALVIN LOCKHART,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly did cause to be delivered by United States mail, blank check stock for the Blackhawk State Bank account in the name of Youth Against Gang Activity, to:

>    Youth Against Gang Activity
>    2606 Broadway
>    Rockford, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATION

The GRAND JURY further charges:

1. The allegations contained in Counts One through Twelve of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Sections 1341 and 1343, as alleged in the foregoing Indictment,

CALVIN LOCKHART,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to funds in the amount of $210,000.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

　　(a) Cannot be located upon the exercise of due diligence;

　　(b) Has been transferred or sold to, or deposited with, a third party;

　　(c) Has been placed beyond the jurisdiction of the Court;

　　(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
F O R E P E R S O N

_____
UNITED STATES ATTORNEY