UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 109 |
| | ) | |
| vs. | ) | Judge Milton I. Shadur |
| | ) | |
| CALVIN LOCKHART | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT'S PRE-TRIAL MOTIONS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following consolidated response to the pretrial motions filed by defendant Calvin Lockhart. In response, the government states as follows:

**I.   Motion for Early Return of Subpoenas**

The defendant moved this Court for the entry of an order permitting the early return of trial subpoenas. The government has no objection to such an order, as long as it is reciprocal.

**II.   Motion for Notice of Intention to Use Evidence of Other Crimes, Acts and Wrongs of Defendant**

The defendant moved this court, pursuant to Federal Rules of Evidence 404(b) and 608(b), for the entry of an order requiring the government to provide notice of its intention to use at trial evidence of other crimes, act and wrongs of the defendant. Rule 404(b) requires the government to "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." The government acknowledges its obligation to give notice under Rule 404(b) and agrees to submit notice no later than thirty days prior to trial the nature of any evidence then known to the government that the government intends to introduce at trial pursuant

to this rule. Further, the government submits that it will seek appropriate leave prior to attempting to introduce any Rule 404(b) evidence that the government does not in advance of trial intend to introduce, but that later becomes pertinent in the course of the cross-examination of any defense witness or in the government's rebuttal case. In this way, the defendant will be afforded the opportunity to argue the admissibility of such evidence before it is presented to the jury. This affords the defendant "reasonable notice" within the meaning of Rule 404(b).

To the extent defendant seeks information related to 608(b), that motion should be denied. There is no statute or rule that requires such disclosure three weeks, or even two weeks, prior to trial. Moreover, the government has not determined what, if any, evidence wil be presented in rebuttal, and thus cannot disclose the information at this time. Accordingly, the government respectfully requests that the defendant's motion be denied.

### III.   Motion for Immediate Disclosure of Favorable Evidence

The defendant requests that this Court direct the government to turn over to him a series of documents pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The government acknowledges its ongoing duty to disclose evidence favorable to the defendant in this case. This acknowledgment alone is a sufficient basis upon which to deny defendant's motion. *See United States v. Helfand, et al.,* No. 05 CR 1003, 2006 WL 1517780, at *1 (N.D. Ill. May 23, 2006) (motion to produce *Brady* material denied as moot in light of government's acknowledgment of awareness of its *Brady* obligations); *United States v. Sims*, 808 F. Supp. 607, 614 (N.D. Ill. 1992) (same); *see also United States v. Silesia Flavoring, Inc., et al.,* 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. March 1, 2004). Although the government recognizes that defendant is entitled to witness-related information if that information contains *Brady*-related material, the government objects to a

requirement that it immediately produce materials beyond that which is required by law.

The defendant's motion lists four numbered requests.  *See* Mot. at 3.  Each of the numbered requests fails to limit the scope of the disclosure to *material* evidence, and to that extent the government objects to each request.  *See United States v. Bagley*, 473 U.S. 667, 682 (1985) (only material evidence must be disclosed; evidence is material if there is a reasonable probability that it would change the result).  For example, in Request Number 2, the defendant seeks, without limiting it to material evidence, any prior statements which are inconsistent with the expected testimony of any witness for the government. The government will disclose any material evidence of this kind, but objects to a requirement that it search its files for immaterial inconsistencies in a witness's statements.

**IV.    Motion For Disclosure of Evidence Which May Lead to the Impeachment of Any Government Witness**

The defendant requests that this Court direct the government to turn over to him a series of documents pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), thirty days prior to trial. The government acknowledges its on-going duty to produce *Giglio* materials to defendant in this case. The government will honor its obligation under *Giglio* to provide defendant with any documents reflecting any agreement it has with witnesses at defendant's trial or any evidence bearing on any witness's credibility.  The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient."  *United States v. Butler*, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994); *see also United States v. Helfand,* No. 05 CR 1003, 2006 WL 1517780, at *1 (N.D. Ill. May 23, 2006); *United States v. Silesia Flavoring, Inc., et al.,* 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. March 1, 2004); *United States v. Dominguez,* 131 F.R.D. 556, 559 (N.D. Ill. 1990).

Moreover, the government agrees to provide all impeachment/*Giglio* evidence then available to the government at least thirty days prior to the trial in this case. Accordingly, this Court should deny defendant's motion as moot and deny defendant's request for an order directing the government to disclose *Giglio* evidence thirty days prior to trial. The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide Defendant with all of the myriad of materials requested in his motions. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which he is entitled.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court dispose of defendant's pretrial motions as suggested above.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   s/ Shoshana L. Gillers
SHOSHANA L. GILLERS
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5310